UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL MILES, Individually,

    Plaintiff,

v.

Mourad Restaurants Inc, a Michigan Corporation,

    Defendant.

Case No. 5:15-cv-11042-JCO-RSW

Honorable John Corbett O'Meara



FILED
SEP 24 2015
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

## CONSENT DECREE AND ORDER

WHEREAS, Plaintiff Michael Miles ("Miles") filed this action against and Mourad Restaurants Inc, a Michigan Corporation ("Mourad Restaurants") (collectively referred to as the "Parties") in the United States District Court for the Eastern District of Michigan, Case Number 5:15-cv-11042-JCO-RSW;

WHEREAS, Miles alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("Title III" of the "ADA") and Michigan Persons with Disabilities Civil Rights Act, M.C.L. § 37.1301 at a facility commonly referred to as Big Boy Restaurant, located at 3961 24th Ave, Fort Gratiot Township, MI 48059 (the "Property");

WHEREAS, Mourad Restaurants expressly denies that the Property is in violation of the ADA and Michigan law, and denies any other wrongdoing or liability whatsoever;

WHEREAS, the Parties desire to resolve this matter, without further formal proceedings, and have voluntarily entered into a Consent Decree and Order;

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Decree and Order, the Parties request the Court to enter consent judgment accordingly.

1. <u>Undertakings by Defendant Restaurant Operations:</u>

Without admitting liability, in response to and in settlement of the allegations contained in Miles's Complaint, and all other allegations brought or which could have been brought in this action with respect to this Property, *Miles and Mourad Restaurants agree the following alterations have already been completed*; or, Mourad Restaurants agree to perform the following barrier removal, alterations, and modifications at and to the Property, on or before April 1, 2017, subject to a reasonable extension due to acts of God, force majeure, or events beyond the control of Mourad Restaurants such as inability to obtain building or zoning permits, failure of the city/county inspectors to make inspections, contractor defaults, or work stoppages:

   A.   Mourad Restaurants will stripe a Van parking space to comply with the ADAAG and include signage designating it as "van accessible". All other designated accessible parking will be striped to include access aisles and have proper signage.

   B.   Mourad Restaurants create one unisex designated accessible bathroom facility that complies with the 2010 ADAAG Standards.

   C.   Mourad Restaurants unisex designated accessible restroom will have a toilet compartment with sufficient clear floor space to comply with Section 604.3.1 of the 2010 Standards.

   D.   Mourad Restaurants unisex designated accessible restroom will have a toilet compartment with compliant rear and side grab bars to comply with Section 604.5 of the 2010 Standards.

   E.   Mourad Restaurants unisex designated accessible restroom will install a lavatory with the required knee and toe clearances as well as compliant faucet hardware that complies with Sections 306.2, 306.3, 309.4 and 606.4 of the 2010 Standards.

   F.   Mourad Restaurants unisex designated accessible restroom will install all amenities not to exceed 48 inches high forward reach to comply with Sections 308.2.1 of the 2010 Standards.

2. <u>Undertakings by Plaintiff Miles</u>: Miles agrees that he is releasing Mourad Restaurants and Mourad Restaurants' parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders, members, managers, directors, officers, employees, agents, attorneys, and lessors of and lessees at the Property from any and all claims, causes, damages, demands, liabilities, equities, and any and all other claims, whether known or unknown, from the beginning of time to the date of the entry of this Consent Decree and Order. Miles further agrees that the completion of the above-referenced modifications will fully resolve his claims against Mourad Restaurants in the above-captioned matter, and consents to the Court's dismissal of this matter. Miles agrees not to sue or file a charge, complaint, grievance, demand for arbitration, or other proceeding against Mourad Restaurants, Inc. in connection with the Property in any forum or assist or otherwise participate willingly or voluntarily in any claim, arbitration, suit, action, investigation or other proceeding of any kind which relates to any matter that involves the Property, unless required to do so by court order, subpoena or other directive by a court, administrative agency, arbitration panel or legislative body, or unless required to enforce this Consent Decree.

3. The Court finds that the modifications and alterations agreed to be made by Defendant at the Property are the only ones that would be considered "readily achievable," which would be achievable to the "maximum extent feasible," or which would otherwise be currently required under the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. (as amended effective January 1, 2009), and under Michigan Persons with Disabilities Civil Rights Act, M.C.L. § 37.1301.

4. Upon completion of the above-listed modifications, the Court and the Parties agree that the Property is in compliance with the Americans with Disabilities Act and Michigan law to the extent readily achievable.

3

5. <u>Plaintiff's Fees and Expenses</u>: Mourad Restaurants shall pay or cause to be paid the total of Seven Thousand Dollars ($7,000) directed to Miles and Miles's counsel of record, Law Office of Owen B. Dunn, Jr. Payment shall be made to the order of "Michael Miles and Owen Dunn Jr., his attorney" and delivered to Plaintiff's counsel within ten (10) days of the Court's entry this Consent Decree.

6. The above-referenced payment shall represent full and complete payment for all claims of Miles and Miles's representatives, including Miles's counsel of record. Miles and Miles's representatives, including Miles's counsel of record, hereby acknowledge that with respect to Miles's claims in the matter *Michael Miles v. Mourad Restaurants, Inc.* (Case No. 5:15-cv-11042-JCO-RSW) they are not entitled to and will not receive any compensatory damages, exemplary damages, injunctive relief, attorneys' fees, costs, or any other form of relief other than the relief expressly provided for in this Consent Decree. Miles and Miles's counsel affirm that there are no liens, claims or restrictions on their ability to accept such payment, and agree to fully hold harmless and indemnify Mourad Restaurants and its management, agents, employees, counsel and insurer against any and all liens or claims made against said settlement payment.

7. <u>Jurisdiction</u>: The parties have requested the Court to dismiss the case without prejudice and retain jurisdiction over this case for the sole purpose of enforcing the terms of this Decree and Order and the Agreement between the Parties. In the event of a dispute between the Parties, the Parties agree to submit themselves to the jurisdiction of the U.S. District Court for the Eastern District of Michigan. The Parties further waive any objection on the grounds of lack of personal jurisdiction or venue to the exercise of such jurisdiction now or in the future, but only in connection with the present litigation.

8. <u>Judgment</u>: Based upon the foregoing, the Court finds that this Consent Decree and Order is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that each party be and they are hereby ordered to comply with the terms and conditions of this Consent Decree and Order entered into as a result of the settlement of the Parties.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon completion of the responsibilities set forth in this Consent Decree and Order, that Defendant be and is hereby found to be in compliance with the Americans with Disabilities Act, 42 U.S.C.§ 12101 et. seq. and in compliance with Michigan law as of the date of this Judgment Entry.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the case is dismissed without prejudice with jurisdiction of this Court reserved to enforce the terms and conditions of this Consent Decree and Order. The "without prejudice" language shall not allow the Parties to reopen issues resolved by this dismissal. The Clerk of Court is directed to enter judgment accordingly.

Dated: Sept 24, 2015

_____
Honorable Judge John Corbett O'Meara
United States District Court Judge

Approved by:

/s/ Owen B. Dunn, Jr.
Owen B. Dunn, Jr., Counsel for the Plaintiff

/s/ Thomas Misuraca
Thomas Misuraca, Counsel for the Defendant

Parties:

_____
Michael Miles

Sept 14 2015
Date

5

Mourad Restaurants Inc., a Michigan Corporation
By its authorized representative:

_____         $\underline{\quad 9-3-15 \quad}$
                                           Date

#1236135